B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Law Offices of Brian D. Witzer, Inc.<br>2393 Venus Drive<br>Los Angeles, CA 90046 | Pravati Credit Fund III, LP<br>4400 N. Scottsdale Road, #9277<br>Scottsdale, AZ 85251 |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Michael Jay Berger, Esq.<br>Law Offices of Michael Jay Berger<br>9454 Wilshire Boulevard, 6th floor<br>Beverly Hills, CA 90212<br>Tel: (310) 271-6223 Fax: (310) 271-9805 | Joseph Chora, Esq.<br>Chora Young & Manasserian LLP<br>650 Sierra Madre Villa Ave., Suite 304<br>Pasadena, CA 91107<br>Tel: (626) 744-1838 Fax: (626) 744-3167 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

**Complaint for Injunctive Relief (11 U.S.C. Section 105) and for Violation of the Automatic Stay (11 U.S.C. Section 362(a))**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ]  11-Recovery of money/property - §542 turnover of property
[3]  12-Recovery of money/property - §547 preference
[ ]  13-Recovery of money/property - §548 fraudulent transfer
[ ]  14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ]  21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ]  31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ]  41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ]  51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ]  66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ]  62-Dischargeability - §523(a)(2), false pretenses,
    false representation, actual fraud
[ ]  67-Dischargeability - §523(a)(4), fraud as fiduciary,
    embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ]  61-Dischargeability - §523(a)(5), domestic support
[ ]  68-Dischargeability - §523(a)(6), willful and malicious injury
[ ]  63-Dischargeability - §523(a)(8), student loan
[ ]  64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
[ ]  65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[1]  71-Injunctive relief - imposition of stay
[2]  72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ]  81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ]  91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ]  01-Determination of removed claim or cause

**Other**
[ ]  SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ]  02-Other (e.g. other actions that would have been brought in state
    court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**
**Judgment that Creditor Pravati Credit Fund III, LP ("Creditor") is in violation of the automatic stay, and that Creditor is enjoined from taking any collection not only against the Debtor, but against Debtor's principal, Brian Witzer.**

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>  Law Offices of Brian D. Witzer, Inc. | | BANKRUPTCY CASE NO.<br>  2:21-bk-12517-NB |
| DISTRICT IN WHICH CASE IS PENDING<br>  Central District of California | DIVISION OFFICE<br>  Los Angeles | NAME OF JUDGE<br>  Hon. Neil W. Bason |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

Michael Jay Berger

DATE  5 / 10 / 2021

PRINT NAME OF ATTORNEY (OR PLAINTIFF)
  Michael Jay Berger

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
E-mail:    michael.berger@bankruptcypower.com

Counsel for Debtor and Debtor-in-Possession,
Law Offices of Brian D. Witzer, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LAW OFFICES OF BRIAN D. WITZER, INC.,<br><br>     Debtor and Debtor-in-Possession.<br><br>───────────────────────<br><br>LAW OFFICES OF BRIAN D. WITZER, INC., INC., a California Corporation,<br><br>     Plaintiff,<br><br>Vs.<br><br>PRAVATI CREDIT FUND III, LP, a Delaware Limited Partnership,<br><br>     Defendant. | CASE NO.: 2:21-bk-12517-NB<br><br>ADV. NO.<br><br>Chapter 11<br><br>**COMPLAINT FOR:**<br><br>**(1) INJUNCTIVE RELIEF (11 U.S.C. § 105(a));**<br><br>**(2) FOR VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362(a));**<br><br>**(3) AVOIDANCE OF PREFERENCE [11 U.S.C. § 547];**<br><br>**(4) RECOVERY OF AVOIDED TRANSFER [11 U.S.C. § 550(a)]; AND**<br><br>**(5) AUTOMATIC PRESERVATION OF AVOIDED TRANSFER [11 U.S.C. § 551]**<br><br><u>Status Conference Scheduled For:</u><br>Date:   TO BE SET BY SUMMONS<br>Time:<br>Place: |

1

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE:**

Law Offices of Brian D. Witzer, Inc., the Debtor and Debtor-in-Possession in the above-captioned case and Plaintiff in the above-captioned proceeding ("Debtor" or "Plaintiff"), by and through its attorneys of record, the Law Offices of Michael Jay Berger, complains against Pravati Credit Fund III, LP ("Defendant") for temporary restraining order and preliminary injunctive relief, violation of the automatic stay, avoidance, recovery and preservation of avoided transfer, and it respectfully represents:

## I.    STATEMENT OF JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. section 1334(a) and (b) and 28 U.S.C. section 157(a) and (b). The claims for relief for this complaint are core proceedings pursuant to 157(b)(2)(A), (B), (F), and (O), and Federal Rule of Bankruptcy Procedure 7001 (2), (7), and (9), and Sections 502, 547, 550, and 551 of 11 U.S.C. Section 101 et seq. (the "Bankruptcy Code").

2. Law Offices of Brian D. Witzer, Inc. (the "Debtor" or "Plaintiff") is the plaintiff in this adversary proceeding. Creditor Pravati Credit Fund III, LP ("Pravati" or "Defendant") is the defendant in this adversary proceeding.

3. Venue for the claims for relief in this adversary complaint is appropriate pursuant to 28 U.S.C. section 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

4. This adversary proceeding arises in the Chapter 11 case of *In re: Law Offices of Brian D. Witzer*, case number 2:21-bk-12517-NB, currently pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California.

## II.    FACTUAL ALLEGATIONS

5. On November 22, 2019, Pravati filed an action against Debtor and its principal Brain D. Witzer in the Superior Court of California, County of Los Angeles,

2

Case Number 19SMCV02046 for their alleged breaches of nonrecourse advance agreement (the "Agreement") to fund Debtor's litigation activities (the "State Court Action"). Prior to commencing the State Court Action, the parties had arbitrated the matter in Arizona, per the terms of the Agreement's arbitration clause. The arbitrator panel found in Pravati's favor, finding that Pravati was entitled to recover $7,981,502.22 from Debtor and Mr. Witzer.

6.    Plaintiff represents Cindy Perez, Wendy Garcia, Estela Garcia and Joanna Coronado (the "Perez Plaintiffs") in an action against American Air in the matter titled, *Cindy Perez, et al. v. American Air, et al.*, case number BCV-17-101548 (the "Perez Matter").

7.    On February 6, 2020, defendants American Air, et al. signed a settlement agreement with the Perez Plaintiffs promising to pay them $177,500.00 to settle the *Perez* Matter (the "Settlement Proceeds").

8.    On February 12, 2020, Defendant Pravati, acting as a purported creditor of Debtor, sent a letter to Clinton & Clinton LP, counsel for Defendants American Air et al. in the Perez Matter, spuriously claiming a lien against any forthcoming settlement proceeds, and threatening legal action against American Air, et al. if those funds were issued directly to Plaintiff. Around this time, Defendant Pravati sent similar communications to Plaintiff on most if not all of the cases held by Plaintiff including, the matter of *Rodriguez v. KSI, et al.*, case number BCV-15-101757 (the "Rodriguez Matter").

9.    After several months of back and forth, including an unsuccessful motion to enforce the settlement agreement by Perez Plaintiffs, on June 17, 2020 defendant American Air, et al. filed and served a Complaint in Interpleader to interplead *all* the disputed funds to the Court as a part of a new case titled *American Incorporated, et al. v. Cindy Perez, et al.*, case number BCV-20-101372 (the "Interpleader Action").

COMPLAINT FOR INJUNCTIVE RELIEF (11 U.S.C. § 105(a)); VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362(a));
AVOIDANCE OF PREFERENCE [11 U.S.C. 547]; RECOVERY OF AVOIDED TRANSFER [11 U.S.C. 550(a)]; AND AUTOMATIC
PRESERVATION OF AVOIDED TRANSFER [11 U.S.C. 551]

10.    Perez Plaintiffs and Debtor demurred, asserting, among other things, that Civil Code sec. 2881(1) was an absolute bar against any ability by Defendant Pravati to assert a lien directly against the Perez Plaintiff's settlement proceeds, because the Perez Plaintiff never signed any agreement with Defendant, only Debtor had, and, therefore, Defendant Pravati's purported claim was limited at most only to Debtor's contingency fee interest in the Settlement Proceeds.  Without addressing this argument, the Court overruled Debtor's and Perez Plaintiffs' Demurrer and the settlement funds were then interpled with the Court.

11.    On December 21, 2020, Defendant, having won its Petition to Confirm the Arbitration Award, then filed its Notice of Entry of Judgment against Debtor (the "Notice of Entry of Judgment") in the State Court Action.

12.    On December 29, 2020, Defendant filed a Notice of Judgment Lien with the California Secretary of State, File No.: U200039995943 to perfect a security interest within the ninety-day preference period created by 11 U.S.C. § 547.  A true and correct copy of the Notice of Judgment Lien filed with the California Secretary of State is attached hereto as **Exhibit "A"**.

13.    Defendant was, at all times material hereto, a creditor of the Debtor during the period commencing ninety (90) days prior to the Petition Date and concluding on the Petition Date and was an entity for whose benefit certain of the recoverable transfer alleged in this Complaint were made and/or an immediate or mediate transferee of such recoverable transfer.

14.    Defendant's action of filing the Notice of Judgment Lien constitutes a transfer of property to or for the benefit of the Defendant within the ninety (90) days prior to the Petition Date (the "Transfer").

15.    Plaintiff is informed and believes, and on that basis alleges thereon, that prior to receiving the Transfer, the Debtor was indebted to the Defendant. After such debt was created, the Defendant made the Transfer on account of those obligations. As such,

4

the Transfer was payment on account of antecedent debt owed by the Debtor to the Defendant.

16.   At some point after filing the Notice of Judgment Lien, Defendant began mailing opposing counsel in all of Debtor's cases copies of the Notice of Entry of Judgment and Abstract of Judgment in the amount of $7,981,502.22. Plaintiff later learned this included Arnold Anchordoquy of the Law Office of Clifford and Brown in the Rodriguez Matter.

17.   On February 5, 2021, defendants American Air, et al. filed a motion to discharge themselves from the Interpleader Action, and to take $15,735.50 from the Settlement Proceeds as attorneys' fees, which Perez Plaintiffs and Debtor opposed[1]. On March 10, 2021 that motion was heard, and the Court indicated its tentative decision to discharge defendants American Air et al. and award attorneys' fees, but held back its final ruling until April 26, 2021.

18.   On March 5, 2021, defendants in the Rodriguez Matter made a 998 offer to compromise to Debtor in the amount of $1.5 million.

19.   On March 29, 2021, Plaintiff began trial of the Rodriguez Matter.  On March 29, 2021, counsel for defendants in that case, Mr. Anchordoquy, informed Debtor that he had received a copy of the Notice of Entry of Judgment from Pravati, and that on March 26, 2021, Pravati had filed a Notice of Lien directly on the docket in the Rodriguez Matter. A true and correct copy of the Notice of Lien filed in Rodriguez Matter is attached hereto as **Exhibit "B"**.

20.   Mr. Anchordoquy then informed Brian Witzer, Debtor's principal, that he would be unwilling to direct any forthcoming settlement or judgment proceeds to Debtor directly, due to perceived liability arising from the Notice of Judgment he had received from Pravati. Shortly thereafter, he retracted the 998 offer of $1.5 million.

---

[1] This claim, the $15,735.00, is listed on Debtor's Schedule F as "contingent" and "disputed."

5

21.    Debtor is a boutique law practice, subsisting on the proceeds of the cases it wins, and under the weight of Defendant's oppressive and illegal efforts to capitalize on a deeply flawed judgment, including its blatant efforts to harass and jeopardize Debtor's rightful ability to receive payment on the Perez Matter, Rodriguez Matter and many other cases, Debtor, after consulting with its creditors, decided to file for bankruptcy and seek the protections of the automatic stay in order to prevent Defendant from doing what it had already done in the Perez Matter with the Rodriguez Matter, to wit, tie up the proceeds of any settlement or verdict for over a year with baseless claims of a secured interest in the client's property.

22.    That evening, on March 29, 2021, Debtor filed an emergency petition for Chapter 11 bankruptcy protection before this Court.

23.    Despite the issuance of the automatic stay, Defendant Pravati has repeatedly ignored Debtor's bankruptcy despite knowing that Debtor is in active Chapter 11 bankruptcy by continuing communications with opposing counsel in the Rodriguez and Perez Matters, as well as opposing counsels in many other of Debtor's cases.

24.    Despite the issuance of the automatic stay, Defendant Pravati has continued its enforcement action against the Debtor and its interference with Debtor's cases.

25.    For example, on April 2, 2021, Joseph Chora, Esq. of Chora and Young, counsel for Defendant Pravati, wrote to Debtor's counsel providing him with a copy of the Notice of Lien that was filed in the Rodriguez Matter, and further stated that he planned "to call opposing counsel to check in on the status of the case [the Rodriguez Matter]."    A true and correct copy of that e-mail is attached hereto as **Exhibit "C."**

26.    On April 21, 2021, Mr. Melrose, counsel for Debtor in the Perez Matter, emailed Mr. Chora asking that he confirm, based on prior phone conversations, that he was amenable to moving the May 3, 2021 judgment debtor exam of Mr. Witzer in the State Court Action, on the basis that Mr. Witzer would be in trial that day on the Rodriguez Matter.

6

27.    That same day, Mr. Chora wrote to Mr. Melrose, stating he ought to agree to arrange for Mr. Witzer to be personally served, to "save Brian the embarrassment and weakening of his case in Rodriguez" if he were to be served in person in the Rodriguez trial, as Mr. Chora made clear was his intent.

28.    Specifically, Mr. Chora wrote to Mr. Melrose stating:

> Also at this point Brian has not been served. For an ORAP Brian has to be personally served. Let me know if you would like to arrange for personal service of your client this week. If not, **we will make efforts to serve him. I do happen to know, that Brian will be in trial on April 26, in dept 17 in Kern county in front of Judge Clark. I would most likely have him served in open court that day. If you arrange personal it might save Brian the embarrassment and weaking [sic] of his case in Rodriguez.**

(Emphasis added.) A true and correct copy of that e-mail is attached hereto as **Exhibit "D."**

29.    On April 26, 2021, the Court in the Interpleader Action issued its final ruling adopting its tentative ruling as final, which discharged defendants American Air, et al. from the Interpleader Action and awarded attorneys' fees to them in the sum of $15,735.50 from the Settlement Proceeds.

30.    The court did this even though Debtor had filed a Motion for Turnover of Funds Under 11 U.S.C. § 542, informing the Court that the Debtor was in bankruptcy, that the automatic stay precluded any efforts by a creditor, including, now, defendants American Air, et al., to collect any money purportedly owed to them from the Settlement Proceeds.

31.    Plaintiff' state court counsel was set to argue that the interplead funds in Interpleader Action should be turned over to Plaintiff as the debtor-in-possession, and that no attorneys' fees could be paid due to the automatic stay.

7

32.    Mr. Anchordoquy, counsel for defendants in the Rodriguez Matter, appeared in the courtroom, and took a seat, awaiting the commencement of the trial in the Rodriguez Matter at 9:30 a.m. (the Perez Matter, the Interpleader Action, and the Rodriguez Matter are all heard before the same judge, the Hon. Judge Thomas Clark).

33.    At this point, Mr. Anchordoquy was not aware of Plaintiff's bankruptcy filing, and Mr. Witzer, who was also present in court, asked Plaintiff's state court counsel to request that the Motion for Turnover be heard in Judge Clark's chambers, so that counsel for defendants in Rodriguez Matter would not gain the tactical advantage of knowing that Plaintiff had very recently filed for bankruptcy and was battling for turnover of its fees in the Perez Matter.

34.    Judge Clark denied the request to be heard in chambers because he could not do so with other parties appearing by Zoom, however, he placed the hearing to the end of the docket, and when the matter was called, announced his intent to continue the matter 30 days (past the end of the Rodriguez case) whereafter he would take additional briefing.

35.    Judge Clark had read and knew the contents of the Motion for Turnover filed by Plaintiff, including the attached emergency bankruptcy petition, but never once in his ruling mentioned the bankruptcy with Mr. Anchordoquy sitting in the courtroom.

36.    Plaintiff was fully amenable to agreeing to the continuance, and likewise, never mentioned the bankruptcy in the presence of Mr. Anchordoquy that morning, however, before Judge Clark could finalize the ruling, counsel for Pravati, Mr. Chora, approached counsel table, and announced, several times, to everyone listening, including Mr. Anchordoquy, that Plaintiff was in bankruptcy.

37.    This was an obvious and intentional action to undermine Plaintiff's strength and position in the Rodriguez Matter, especially given the Court's careful efforts not to mention anything pertaining to the bankruptcy.

8

38.    The intent to damage Plaintiff, as expressly stated in Mr. Chora's e-mail to Mr. Melrose on April 21, 2021 just five days before, had in fact been carried out.

39.    Mr. Chora was acting on that stated intent when he appeared in the Interpleader Action that morning, and intentionally informed opposing counsel in Rodriguez Matter of Plaintiff's bankruptcy.

40.    Mr. Chora's actions, on behalf of Defendant, violated the automatic stay and his actions amount to a bad faith effort to extort Plaintiff by compromising its caseload including the Rodriguez Matter which was <u>actively being tried</u> on April 26, 2021 and represented one of the best prospects for remuneration for Plaintiff. Proceeds from the Rodriguez Matter could be used to fund Debtor's Chapter 11 Plan of Reorganization.

41.    In furtherance of Defendant's collection efforts against the Debtor, on May 6, 2021, Pravati filed a Writ of Execution in the State Court Action despite knowing that Debtor is in bankruptcy. Attached hereto as **Exhibit "E"** is a true and correct copy of Pravati's filed Writ of Execution, dated May 6, 2021.

42.    Furthermore, to frustrate Debtor's efforts to reorganize, Defendant filed a Writ of Execution against Brian Witzer, Debtor's principal, on May 7, 2021. Attached hereto as **Exhibit "F"** is a true and correct copy of Pravati's filed Writ of Execution, dated May 6, 2021.

43.    In conjunction with both Writ of Executions, on May 7, 2021, Defendant filed a "Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest" (the "<u>Memorandum of Costs</u>") in the State Court Action which intentionally omits Debtor's $15,000.00 adequate protection payment. Attached hereto as **Exhibit "G" and Exhibit "H"** are true and correct copies of the Memorandum of Costs and the cancelled check of Debtor's April 2021 $15,000.00 adequate protection payment to Defendant.

44.    The Memorandum of Costs, signed under penalty of perjury, also gives the appearance that this document is filed in an action where Brian Witzer is the only named

defendant. Not so. Debtor, along with Mr. Witzer, is the other defendant in the State Court Action. The filing of the Memorandum of Costs is another demonstration of Defendant's violation of the stay as Defendant brazenly seeks to collect on its Notice of Entry of Judgment while Debtor is in bankruptcy.

45.    In addition to the Rodriguez Matter, Plaintiff has jury trials coming up in the following cases:

(1) On May 10, 2021, jury trial is scheduled to take place in the matter of *Alejandra Hernandez v. Adam Gabriel Oliveros, et al.*, case number CIVDS 1815754, filed in Superior Court of the State of California, for the County of San Bernardino (the "Hernandez Matter");

(2) On June 30, 2021, jury trial is scheduled to take place in the matter of *Mark Hannan v. Amy Diamond, et al.*, case number 19STCV09145, filed in the Superior Court of the State of California, for the County of Los Angeles (the "Hannan Matter");

(3) On July 23, 2021, jury trial is scheduled to take place in the matter of *Nathaniel Howard v. Clark Construction Group-California, LP, et al.*, case number PSC1901153, Superior Court of the State of California, for the County of Riverside (the "Howard Matter"); and

(4) Trial is likely to take place in the matter of *Christopher Trejo v. Johnson & Johnson, et al.*, case number YC058023, sometime in August 2021 or September 2021 (the "Trejo Matter"). A Final Status Conference is scheduled for April 8, 2021 and it is anticipated that the court will set a trial date for some time in August or September of 2021.

46.    All of these trials, like the Rodriguez Matter, are scheduled to last multiple weeks, even months as they are complex, tort litigation cases.

47.    Defendant or its agents, attorneys, representatives, are likely to hinder and interfere with Plaintiff's ability to prosecute the Hernandez Matter, the Hannan Matter,

10

the Howard Matter, and the Trejo Matter, as they did in the Perez Matter and the

Rodriguez Matter. These cases, as well as the Perez Matter, the Interpeader Action, and

the Rodriguez Matter, are instrumental to the success of Debtor's reorganization efforts

as it navigates its way through the bankruptcy process.

**III.**

**FIRST CLAIM FOR RELIEF**

**(INJUNCTIVE RELIEF UNDER 11 U.S.C. § 105)**

48.    Plaintiff realleges and incorporates paragraph 1 through 47, inclusive as

though fully set forth herein.

49.    Plaintiff asserts that injunctive relief in enjoining Pravati Credit Fund III,

LP its successors, agents, employees, servants, or other persons or entities acting for

and/or for their behalf from continuing its collection efforts against Plaintiff and its

principal Brian Witzer, by being temporarily restrained, preliminary enjoined and

permanently enjoined from proceeding with the enforcements of its Notice of Judgment,

prosecuting in, or obtaining a judgment against Plaintiff and Mr. Witzer in the State

Court Action, the Interpleader Action, interfering with the cases of Debtor, such as the

Perez Matter, the Rodriguez Matter, and other actions (the Hernandez Matter, the Hannan

Matter, the Howard Matter, and the Trejo Matter), or proceeding with the enforcement of

any writ of execution with regards to the Debtor's assets, or engaging in any collection

efforts in any way, type, manner, or form, through and including the time of final

judgment by this Court of the above-captioned adversary proceeding is necessary in that

the balance of hardships in Plaintiff's and Mr. Witzer's favor in that risk of the

irreparable injury to the Plaintiff and Mr. Witzer in allowing the continued collection

efforts by Pravati Credit Fund, III, LP, if the temporary restraining order requested is

denied will exceed the foreseeable hardship to defendant if it is granted.

50.    The injunction should be extended to Defendant's collection efforts

against Mr. Witzer because Mr. Witzer is essential to the Debtor's operations. Without

11

Brian Witzer, there is no Law Offices of Brian Witzer, Inc.  Furthermore, Defendant has made it abundantly clear in writing and by its actions that it seeks to discredit Mr. Witzer. Defendant's willingness and unwavering intent to undermine Mr. Witzer's credibility affects Debtor's ability to win cases, affects Mr. Witzer's ability to settle Debtor's cases, hampers Mr. Witzer's ability to prosecute cases, which in turn negatively impacts Debtor's ability to reorganize its claims.

51.     Plaintiff further asserts that the public interest favors granting the injunctive relief sought to protect Debtor's and Mr. Witzer's ability to prosecute its cases without interference from Pravati Credit Fund, III, LP and risks not only harming Debtor's clients ability to seek their day in court, but might subject Plaintiff and Mr. Witzer to a malpractice action filed by one of its clients as Defendant's actions might hamper Plaintiff's ability to prosecute these cases. This interest is furthered by the granting of injunctive relief to enjoin all collection efforts by Pravati Credit Fund, III, LP, as against Plaintiff and Mr. Witzer through and including the time of a final judgment by this Court of the above-captioned adversary proceeding, the confirmation of Debtor's Chapter 11 Plan of Reorganization, and the remainder of Debtor's trial portfolio.

52.     Plaintiff further asserts that there is not adequate remedy at law to compensate the Plaintiff for the reputational harm that Defendant has caused to Plaintiff, and the irreparable damage that it has caused to the Rodriguez Matter.

## SECOND CLAIM FOR RELIEF

## (VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(A))

53.     Plaintiff incorporates by reference and realleges the allegations of paragraphs 1-52 of this Complaint.

54.     Pravati's continued collection efforts and intentional interference in Debtor's cases, most recently on April 26, 2021 in the Interpleader Action and the Rodriguez Matter, is in violation of the automatic stay.

55.     Pravati's actions have harmed Debtor's ability to prosecute these cases.

12

56.    On Marc 29, 2021, the same day that Debtor filed for bankruptcy, counsel for defendants in the Rodriguez Matter, notified Mr. Witzer that that he would be unwilling to direct any forthcoming settlement or judgment proceeds to Debtor, due to perceived liability arising from the Notice of Judgment he had received from Defendant as well as the Notice of Lien that Defendant had filed in the Rodriguez Matter. More importantly, he further stated that he would retract the 998 offer of $1.5 million.

57.    As if the Rodriguez Matter had not been damaged enough by defense counsel's rescission of the 998-offer due to Defendant's actions, on April 21, 2021, Defendant's counsel, Joseph Chora, wrote to Debtor's state court counsel Kenneth Melrose stating that unless he arranged for Mr. Witzer to accept service of the Order for Judgment Debtor Examination for Brian Witzer, he intended to "weaken the Rodriguez Matter" for Debtor. *See* Exhibit D attached hereto.

58.    Indeed, Mr. Chora carried out what he purported he would do to Mr. Melrose in his April 21, 2021 e-mail.  On April 26, 2021, Mr. Chora physically appeared in court for the continued hearing in the Interpleader Action and approached counsel's table, and announced, several times, to everyone listening, including counsel for defendants in the Rodriguez Matter, that Plaintiff was in bankruptcy.

59.    Mr. Chora's deliberate actions sought to prevent Debtor from obtaining the Settlement Funds in the Interpleader Action, and to exercise control over property of the estate – the weakening of the Rodriguez Matter. *See* Exhibit D.

60.    Mr. Chora's April 26, 2021 actions were in blatant disregard of the automatic stay afforded to the Debtor when it filed for Chapter 11 bankruptcy on March 29, 2021.

61.    Mr. Chora's April 26, 2021 actions were made with the intent of furthering Pravati's collections efforts and the latest demonstration of his client's willingness to intentionally interfere with Debtor's cases.

13

62.    On May 6, 2021, in further demonstration of Pravati's blatant disregard for the automatic stay, Pravati, through Mr. Chora's firm, filed a Writ of Execution against Debtor in its action against the Debtor. *See* Exhibit E.

63.    The following day, Defendant filed a Writ of Execution against Mr. Witzer and filed a Memorandum of Costs in the State Court Action against both the Debtor and Mr. Witzer. *See* Exhibits F and G.  The Memorandum of Costs, signed under penalty of perjury, fails to credit Debtor's $15,000.00 adequate protection payment. *See* Exhibits G and H.

64.    Debtor has been damaged in an amount to be proven at trial and Debtor seeks sanctions for violation of the stay.

### THIRD CLAIM FOR RELIEF

### (FOR AVOIDANCE OF PREFERENTIAL TRANSFER – 11 U.S.C. §547(b))

65.    Plaintiff re-alleged and incorporates by this reference each and every allegation set forth in paragraphs 1 through 64, inclusive, as though fully set forth herein.

66.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfer to Pravati within 90-days of the petition date was of a property interest of the Debtor.

67.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfer was made to or for the benefit of Defendant at a time in which Defendant was a creditor of the Debtor, as the term "creditor" is defined by 11 U.S.C. Section 101(10).

68.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfer was for or on account of an antecedent debt owed by the Debtor to Defendant before such Transfer was made.

69.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfer was made while the Debtor was insolvent.

70.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Transfer enabled Defendant to receive more than Defendant would otherwise have

14

received if (a) Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy
Code; (b) the Transfer had not been made; and (c) Defendant received payment of such
debt to the extend provided by the provisions of the Bankruptcy Code.

71.    The Transfer may be avoided pursuant to 11 U.S.C. §547(b).

72.    Interest on the Transfer has accrued and continues to accrue from the date
the Transfer was made.

73.    Plaintiff is entitled to an order and judgment under 11 U.S.C. §547(b) that
the Transfer is avoided pursuant to 11 U.S.C. §547(b).

## FOURTH CLAIM FOR RELIEF

### (FOR RECOVERY OF AVOIDED TRANSFER - 11 U.S.C. § 550)

74.    Plaintiff re-alleged and incorporates by this reference each and every
allegation set forth in paragraphs 1 through 73, inclusive, as though fully set forth herein.

75.    Plaintiff is informed and believes and, based upon such information and
belief, alleges that Defendant was the initial transferee of the Transfer, or the entity for
whose benefit the Transfer was made, or is the immediate or mediate transferee of the
initial transferee receiving such Transfer, or any of them.

76.    Pursuant to 11 U.S.C. §550, upon avoidance of the Transfer under the First
Claim for Relief alleged herein, Plaintiff is entitled to avoid the Transfer under 11 U.S.C.
§547(b) and to recover the value of the property transferred under the Transfer and/or the
amount of the Transfer, together with interest thereon at the maximum legal rate from the
date of the Transfer, as set forth above.

77.    Plaintiff is entitled to an order and judgment under 11 U.S.C. §550 that the
Transfer is avoided and recovered for the benefit of the Debtor's bankruptcy estate.

## FIFTH CLAIM FOR RELIEF

### (FOR PRESERVATION OF AVOIDED TRANSFER – 11 U.S.C. §551)

78.    Plaintiff re-alleged and incorporates by this reference each and every
allegation set forth in paragraphs 1 through 77, inclusive, as though fully set forth herein.

15

79.     Pursuant to 11 U.S.C. §551, Plaintiff is entitled to preserve any of the Transfer avoided under the First Claim for Relief alleged herein for the benefit of the Debtor's bankruptcy estate pursuant to 11 U.S.C. §551.

80.     Plaintiff is entitled to an order and judgment under 11 U.S.C. §551 that the Transfer is preserved for the benefit of the Debtor's bankruptcy estate.

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in its favor and against Defendant as follows:

1.  As to the First Cause of Action, for judgment against Defendant Pravati Credit Fund III, LP:

(1)     For a temporary restraining order, preliminary injunction and permanent injunction against Pravati Credit Fund, III, LP its successors, agents, employees, servants, or other persons or entities acting for and/or for its behalf or those acting in concert with Pravati, including Joseph Chora or any attorney in the firm of Chora Young LP, and Brandon Fernald of the Fernald Law Group, preventing it from continuing its collection efforts against Plaintiff and its principal Brian Witzer by being temporarily restrained, preliminary enjoined and permanently enjoined from proceeding with the enforcement of its Notice of Judgment, prosecuting, or obtaining a judgment against Plaintiff and Mr. Witzer in the State Court Action, the Interpleader Action, interfering with the cases of Debtor, such as the Perez Matter, the Rodriguez Action, and other actions (the Hernandez Matter, the Hannan Matter, the Howard Matter, and the Trejo Matter) as well as any of the Plaintiff's other present or future cases, or proceeding with the enforcement of any writ of execution with regards to Debtor's assets or Mr. Witzer's assets, or engaging in any collection efforts in any way, type, manner, or form, through and including the time of final judgment by this Court of the above-captioned adversary proceeding, the confirmation of Debtor's Chapter 11 Plan of Reorganization, and the remainder of Debtor's trial portfolio;

16

(2)    For reasonable attorneys' fees;

(3)    For costs of suit; and

(4)    For such other and further relief as the Court may deem to be just, equitable and proper.

2.    As to the Second Cause of Action, for judgment against Defendant Pravati Credit Fund III, LP, awarding the following damages:

(1)    For judgment finding that Defendant violated and continues to violate the automatic stay;

(2)    For reasonable attorney's fees;

(3)    For costs of suit; and

(4)    For such other and further relief as the Court may deem to be just, equitable and proper.

3.    As to the Third, Fourth and Fifth Causes of Action, for judgment against Defendant Pravati Credit Fund III, LP, awarding the following:

(1)    For avoidance of the Transfer under 11 U.S.C. §547(b);

(2)    For recovery from Defendant by Plaintiff of the value of the property transferred under the Transfer and/or the amount of the Transfer under 11 U.S.C. §550;

(3)    For preservation of avoided Transfer for the Debtor's bankruptcy estate;

(4)    For recovery of interest at the maximum legal rate, costs, and attorneys' fees and expenses, to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court; and

(5) For such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF MICHAEL JAY BERGER

Dated:  May 10, 2021         By: _____
                            MICHAEL JAY BERGER
                            Counsel for Debtor and Debtor-in-
                            Possession, Law Offices of Brian D. Witzer, Inc.

17

# EXHIBIT A

U200039995943

B0356-4640 12/29/2020 4:43 PM Received by California Secretary of State

**STATE OF CALIFORNIA**
*Office of the Secretary of State, Alex Padilla*
**NOTICE OF JUDGMENT LIEN (JL 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U200039995943 |
| Date Filed: 12/29/2020 |

| Submitter Information: | |
| --- | --- |
| Contact Name | |
| Organization Name | Chora Young & Manasserian LLP |
| Phone Number | (626) 744-1838 |
| Email Address | dionne@chorayoungllp.com |
| Address | DIONNE HARVEY
650 SIERRA MADRE VILLA AVE.
304
PASADENA, CA 91107 |

Judgment Debtor Information:

| Judgment Debtor Name | Mailing Address |
| --- | --- |
| Law Offices of Brian D. Witzer, Inc. | Brian D. Witzer
2393 Venus Dr.
Los Angeles, CA 90046 |
| Brian D Witzer | Brian D. Witzer
2047 Sunset Plaza Dr.
Los Angeles, CA 90069-1317 |

Judgment Creditor Information:

| Judgment Creditor Name | Mailing Address |
| --- | --- |
| Pravati Credit Fund III | Alexander Chucri
4400 N. Scottsdale Rd.
#9277
Scottsdale, AZ 85251 |

Judgment Information:

A. Name of Court Where Judgment Was Entered — Superior Court of Califorlnia, County of Los Angeles

B. Title of the Action — Pravati Credit Fund III LP

C. Case Number — 19SMCV02046

D. Date Judgment Was Entered — 12/21/2020

| E. Date(s) of Subsequent Renewal of Judgment (if any) |
| --- |
| None Entered |

F. Date of This Notice — 12/29/2020

G. Amount Required to Satisfy Judgment at This Date of Notice — $7,985,915.65

All property subject to enforcement of a Money Judgment against the Judgment Debtor to which a Judgment Lien on personal property may attach under Section 697.530 of the Code of Civil Procedure is subject to this Judgment Lien.

Declaration and Signature:

Declaration: — I am representing the legal firm that is the Attorney of Record for the Judgment Creditor.

Organization Name: — Chora Young & Manasserian, LLP

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Dionne Harvey*                                                    *12/29/2020*

Sign Here                                                          Date

B0356-4641 12/29/2020 4:43 PM Received by California Secretary of State

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Joseph Chora      SBN 284700<br>CHORA YOUNG & MANASSERIAN LLP<br>650 Sierra Madre Villa Ave., Ste 304<br>Pasadena, CA 91107 | 626.744.1838 | **ELECTRONICALLY FILED**<br><br>**3/26/2021 2:19 PM**<br>**Kern County Superior Court**<br><br>**By Maribel Villalon, Deputy** |

ATTORNEY FOR LIEN CLAIMANT: Pravati Credit Fund III LP

NAME OF COURT: Superior Court of California County of Kern
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS: 1415 Truxtun Avenue
CITY AND ZIP CODE: Bakersfield, 93301
BRANCH NAME: Metropolitan Division

PLAINTIFF: Manuel Rodriguez

DEFENDANT: Ken Small Construction, LTD. ET AL

| **NOTICE OF LIEN**<br>(Attachment—Enforcement of Judgment) | CASE NUMBER:<br>BCV-15-101757 |
|---|---|

ALL PARTIES IN THIS ACTION ARE NOTIFIED THAT

1. A lien is created by this notice under
   a. ☐ Article 3 (commencing with section 491.410) of Chapter 11 of Title 6.5 of Part 2 of the Code of Civil Procedure.
   b. ☑ Article 5 (commencing with section 708.410) of Chapter 6 of Title 9 of Part 2 of the Code of Civil Procedure.

2. The lien is based on a
   a. ☐ right to attach order and an order permitting the creation of a lien (copies attached).
   b. ☑ money judgment.

3. The right to attach order or the money judgment is entered in the following action:
   a. Title of court *(specify)*: Superior Court County of Los Angeles, Santa Monica Courthouse
   b. Name of case *(specify)*: Pravati Credit Fund III, LP v. Law Offices of Brian D. Witzer; Brian D. Witzer
   c. Number of case *(specify)*: 19SMCV02046
   d. ☑ Date of entry of judgment *(specify)*: December 21, 2020
   e. ☐ Dates of renewal of judgment *(specify)*:

4. The name and address of the judgment creditor or person who obtained the right to attach order are *(specify)*:
   Pravati Credit Fund III LP, 4400 N. Scottsdale Rd., Ste. 9277, Scottsdale, AZ 85251

5. The name and last known address of the judgment debtor or person whose property is subject to the right to attach order are *(specify)*:

6. The amount required to satisfy the judgment creditor's money judgment or to secure the amount to be secured by the attachment at the time this notice of lien is filed is
   $ 7,981,502.22

7. The lien created by this notice attaches to any cause of action of the person named in item 5 that is the subject of this action or proceeding and to that person's rights to money or property under any judgment subsequently procured in this action or proceeding.

8. No compromise, dismissal, settlement, or satisfaction of this action or proceeding or any of the rights of the person named in item 5 to money or property under any judgment procured in this action or proceeding may be entered into by or on behalf of that person, and that person may not enforce any rights to money or property under any judgment procured in this action or proceeding by a writ or otherwise, unless one of the following requirements is satisfied:

   a. the prior approval by order of the court in this action or proceeding has been obtained;
   b. the written consent of the person named in item 4 has been obtained or that person has released the lien; or
   c. the money judgment of the person named in item 4 has been satisfied.

| **NOTICE** The person named in item 5 may claim an exemption for all or any portion of the money or property within 30 days after receiving notice of the creation of the lien. The exemption is waived if it is not claimed in time. |
|---|

Date: March 26, 2021

.................  Joseph Chora  ...............          ▶ _____
       *(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF LIEN CLAIMANT OR ATTORNEY)*

**NOTICE OF LIEN**
(Attachment—Enforcement of Judgment)

CCP 491.410, 708.410

EJ-001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*
After recording, return to:
Joseph Chora #284700/Stephen F. Biegenzahn #60584
Chora Young & Manasserian LLP
650 Sierra Madre Villa Ave., Ste 304
Pasadena CA 91107

TEL NO.: **(626)744-1838**   FAX NO. *(optional):* **(626)744-3167**
E-MAIL ADDRESS *(Optional):* **stephen@chorayoungllp.com**
ATTORNEY FOR ☑   JUDGMENT CREDITOR ☑   ASSIGNEE OF RECORD ☐

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: **1725 Main Street**
MAILING ADDRESS: **1725 Main Street**
CITY AND ZIP CODE: **1725 Main Street**
BRANCH NAME: **Santa Monica Courthouse**

*FOR RECORDER'S USE ONLY*

PLAINTIFF: **Pravati Credit Fund III LP**
DEFENDANT: **Law Offices of Brian D. Witzer, Inc.; Brian D. Witzer**

CASE NUMBER:
**19SMCV02046**

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | ☐ Amended |
|---|---|

*FOR COURT USE ONLY*

1. The ☑ judgment creditor ☐ assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address
      
      Law Offices of Brian D. Witzer, Inc.
      2393 Venus Dr.
      Los Angeles, CA 90046

   b. Driver's license no. [last 4 digits] and state:   ☒ Unknown
   c. Social security no. [last 4 digits] is:   ☒ Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*
      Brian D. Witzer, Esq., Law Offices of Brian D. Witzer, Inc., 2393 Venus Dr., Los Angeles, CA 90046

2. ☑ Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   Pravati Credit Fund III LP
   4400 N. Scottsdale Rd., #9277, Scottsdale, AZ 85251

   Date: **January 19, 2021**
   Stephen F. Biegenzahn
   _____
   (TYPE OR PRINT NAME)

4. ☐ Information on additional judgment creditors is shown on page 2.

5. ☐ Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   *(SIGNATURE OF APPLICANT OR ATTORNEY)*

6. Total amount of judgment as entered or last renewed:
   **$7,981,502.22**

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* **Dec. 21, 2020**
   b. Renewal entered on *(date):*

9. ☐ This judgment is an installment judgment.

10. ☐ An ☐ execution lien ☐ attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. ☑ not been ordered by the court.
    b. ☐ been ordered by the court effective until *(date):*

12. a. ☑ I certify that this is a true and correct abstract of the judgment entered in this action.
    b. ☐ A certified copy of the judgment is attached.

[SEAL]

This abstract issued on *(date):*
**01/20/2021**

Sherri R. Carter Executive Officer / Clerk of Court

Clerk, by **S. Watson** , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

| PLAINTIFF: Pravati Credit Fund III LP | COURT CASE NO.: |
|---|---|
| DEFENDANT: Law Offices of Brian D. Witzer, Inc.; Brian D. Witzer | 19SMCV02046 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. ____    Name and last known address

Brian D. Witzer
2047 SUNSET PLAZA DR.
LOS ANGELES, CA 90069-1317

Driver's license no. [last 4 digits] and state:
#8854 CA                                    ☐ Unknown

Social security no. [last 4 digits]: #4123    ☐ Unknown

Summons was personally served at or mailed to *(address):*
Brian D. Witzer, Esq.
Law Offices of Brian D. Witzer, Inc.
2393 Venus Dr., Los Angeles, CA 90046

17. ____    Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

18. ____    Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

19. ____    Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

1

## PROOF OF SERVICE

2

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen
(18) years and not a party to the within action. My business address is: 650 Sierra Madre Villa

4

Ave., Ste. 304, Pasadena, CA 91107.

5

On March 26, 2021, I served the foregoing document(s) described as NOTICE OF LIEN and

6

ABSTRACT OF JUDGMENT on the interested parties in this action, as follows:

7

| Brian D. Witzer, Esq.<br>Law Offices of Brian D. Witzer<br>2393 Venus Drive<br>Los Angeles, CA 90046<br>Telephone: (310) 777-5999<br>Facsimile: (310) 777-5988<br>E-mail: brian@witzerlaw.com<br><br>Attorneys for Plaintiff,<br>Manuel Rodriguez | Arnold J. Anchordoquy (SBN 56449)<br>Clifford & Brown, A Professional Corporation<br>1430 Truxtun Ave #900<br>Bakersfield, CA 93301-5230<br>Telephone: (661) 322-6023<br>Facsimile: (661) 322-3508<br>Email: aanchordoquy@clifford-brownlaw.com<br><br>Attorneys for Defendants<br>Danny Michael Willis and<br>KS Industries, LP |

8

9

10

11

12

13

14

15

16

17

( )    (BY EMAIL) Based on a court order or an agreement by the parties to accept electronic

18

service, I caused the above document(s) to be sent to the person(s) listed above at his/her
respective email address(es).

19

(X)    (BY MAIL) I placed said copy(ies) in a sealed envelope(s), postage thereon fully prepaid,

20

and placed for collection and processing for mailing following the business's ordinary
practice, with which I am readily familiar. Under that practice it would be deposited with

21

U.S. postal service on that same day with postage fully prepaid in the city indicated below
in the ordinary course of business.

22

Executed on March 26, 2021, at Pasadena, California.

23

24

(X)    (STATE) I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.

25

( )    (FEDERAL) I declare that I am employed in the offices of a member of this court at whose

26

direction the service was made.

27

*/s/ Araceli Salcedo*
Araceli Salcedo

28

# EXHIBIT C

**Samuel Boyamian**

---

**Subject:**              FW: 210326 (WITZER) Notice of Lien-Rodriguez-Conformed 4848-5469-3859 v.1.pdf
**Attachments:**          210326 (WITZER) Notice of Lien-Rodriguez-Conformed 4848-5469-3859 v.1.pdf

---

**From:** Joseph Chora <joseph@cym.law>
**Sent:** Friday, April 2, 2021 12:40 PM
**To:** Michael Berger <Michael.Berger@bankruptcypower.com>
**Subject:** Fwd: 210326 (WITZER) Notice of Lien-Rodriguez-Conformed 4848-5469-3859 v.1.pdf

Michael,


See attached lien and proof of service. Please be advised I plan to call oppoing counsel to check in on the status of the case. The purpose of the call is NOT to further collection of the judgment.

-Chora

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Araceli Salcedo <Araceli@cym.law>
**Sent:** Friday, April 2, 2021 12:33:59 PM
**To:** Joseph Chora <joseph@cym.law>
**Subject:** 210326 (WITZER) Notice of Lien-Rodriguez-Conformed 4848-5469-3859 v.1.pdf

Chora:

Attached please find the Notice of Lien and Abstract of Judgment.

Parties served were as follows:
1.  Brian D. Witzer Esq.  Law Offices of Brian D. Witzer

2.  Arnold J. Anchordoquy


Araceli Salcedo
**CHORA YOUNG & MANASSERIAN LLP**
650 Sierra Madre Villa Ave., Ste. 304
Pasadena, CA 91107
Tel.: (626) 744-1838
Fax: (626) 744-3167

# EXHIBIT D

4/23/2021                                    Gmail - May 3rd Debtor's Exam

 Gmail                              Ken Melrose <kmelrose89@gmail.com>

## May 3rd Debtor's Exam
5 messages

**Ken Melrose** <kmelrose89@gmail.com>                     Wed, Apr 21, 2021 at 9:54 AM
To: joseph@cym.law
Cc: Brandon Fernald <brandon.fernald@fernaldlawgroup.com>

Joe,

I am ollowing up on my request in our conversation last week to move the debtor's exam of Mr. Witzer. As I mentioned, on
May 3rd, he will be in trial on a matter out of town.

Please let me know if you are amenable to doing so. Mr. Witzer has another trial set thereafter for May 10th, which is
expected to take two weeks, but is available the first part of June, and, I believe, most of the rest of that month.

--
Kenneth J. Melrose
(775) 934-4491
kmelrose89@gmail.com

**Joseph Chora** <joseph@cym.law>                         Wed, Apr 21, 2021 at 10:21 AM
To: Ken Melrose <kmelrose89@gmail.com>
Cc: Brandon Fernald <brandon.fernald@fernaldlawgroup.com>

Ken,

Are you prosing another date?

Based on the representation that Brian will be in trial for some time, it sounds like it would be better to get this done
sooner than later. I am sure he can be out of court for a single day.

At this point I am inclined to keep the May 3rd date. I understand that he is still in the Rodriguez case in Bakersfield.

Also at this point Brian has not been served. For an ORAP Brian has to be personally served. Let me know if you would
like to arrange for personal service of your client this week. If not, we will make efforts to serve him. I do happen to know,
that Brian will be in trial on April 26, in dept 17 in Kern county in front of Judge Clark. I would most likely have him served
in open court that day.

If you arrange personal service it might save Brian the embarrassment and weaking of his case in Rodriguez.

Please let me know if you will arrange personal service this week.

Thank you.

# EXHIBIT E

Electronically FILED by Superior Court of California, County of Los Angeles on 05/06/2021 01:39 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Parenteau, Deputy Clerk

**EJ-130**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: **284700** | *FOR COURT USE ONLY* |
|---|---|---|

NAME: **Joseph Chora**
FIRM NAME: **Chora Young & Manasserian LLP**
STREET ADDRESS: **650 Sierra Madre Villa Ave., Ste 304**
CITY: **Pasadena**   STATE: **CA**   ZIP CODE: **91107**
TELEPHONE NO.: **(626)744-1838**   FAX NO.: **(626)744-3167**
EMAIL ADDRESS: **joseph@chorayoungllp.com**
ATTORNEY FOR (name): **Pravati Credit Fund III LP**
[✓] ATTORNEY FOR   [✓] ORIGINAL JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: **1725 Main Street**
MAILING ADDRESS: **1725 Main Street**
CITY AND ZIP CODE: **Santa Monica 90401**
BRANCH NAME: **Santa Monica Courthouse**

| PLAINTIFF/PETITIONER: Pravati Credit Fund III LP | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Law Offices of Brian D. Witzer, Inc.; Brian D. Witzer | **19SMCV02046** |

| | | |
|---|---|---|
| WRIT OF | [✓] EXECUTION (Money Judgment) | [ ] Limited Civil Case (including Small Claims) |
| | [ ] POSSESSION OF   [ ] Personal Property | |
| | [ ] SALE   [ ] Real Property | [✓] Unlimited Civil Case (including Family and Probate) |

Electronically Received 12/23/2020 02:00 PM

1. **To the Sheriff or Marshal of the County of:** Los Angeles
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. **(Name):** Pravati Credit Fund III
   is the [✓] original judgment creditor   [ ] assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   Law Offices of Brian D. Witzer, Inc.
   2393 Venus Dr.
   Los Angeles, CA 90046

   [✓] Additional judgment debtors on next page

5. **Judgment entered on** (date): Dec. 21, 2020
   (See type of judgment in item 22.)
6. [ ] **Judgment renewed on** (dates):

7. **Notice of sale** under this writ:
   a. [✓] has not been requested.
   b. [ ] has been requested (see next page).
8. [ ] Joint debtor information on next page.

9. [ ] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.
    For items 11–17, see form MC-012 and form MC-013-INFO.
11. Total judgment (as entered or renewed) $ 7,981,502.22
12. Costs after judgment (CCP 685.090) $ 0.00
13. Subtotal (add 11 and 12) $ 7,981,502.22
14. Credits to principal (after credit to interest) $ 0.00
15. Principal remaining due (subtract 14 from 13) $ 7,981,502.22
16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) $ 4,373.43
17. Fee for issuance of writ (per GC 70626(a)(I)) $ 40.00
18. **Total amount due** (add 15, 16, and 17) $ 7,985,915.65
19. **Levying officer:**
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . . . . . . . . . . . . $ 2,186.72
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) . . . . . . . . . . . . . . . $
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

Sherri R. Carter Executive Officer / Clerk of Court

Date: 01/06/2021   Clerk, by M. Mariscal , Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

EJ-130

| Plaintiff/Petitioner: **Pravati Credit Fund III LP** | CASE NUMBER: |
|---|---|
| Defendant/Respondent: **Law Offices of Brian D. Witzer, Inc.; Brian D. Witzer** | **19SMCV02046** |

21. ☑ Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

Brian D. Witzer
2047 Sunset Plaza Dr.
Los Angeles, CA 90069-1317

22. The judgment is for *(check one):*

   a. ☐ wages owed.
   b. ☐ child support or spousal support.
   c. ☑ other.

23. ☐ Notice of sale has been requested by *(name and address):*

24. ☐ Joint debtor was declared bound by the judgment (CCP 989-994)
   a. on *(date):*               a. on *(date):*
   b. name, type of legal entity if not a natural person, and    b. name, type of legal entity if not a natural person, and
     last known address of joint debtor:             last known address of joint debtor:

   c. ☐ Additional costs against certain joint debtors are itemized: ☐ below ☐ on Attachment 24c.

25. ☐ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
   a. ☐ Possession of real property: The complaint was filed on *(date):*
       *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*
     (1) ☐ The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The
         judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
     (2) ☐ The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.
     (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
         judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns
         to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP
         415.46 and 1174.3(a)(2).)*
     (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was
        not served in compliance with CCP 415.46 (item 25a(2)), answer the following:
       (a) The daily rental value on the date the complaint was filed was $
       (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

EJ-130

| Plaintiff/Petitioner: **Pravati Credit Fund III LP** | CASE NUMBER: |
|---|---|
| Defendant/Respondent: **Law Offices of Brian D. Witzer, Inc.; Brian D. Witzer** | **19SMCV02046** |

25. b. ☐ Possession of personal property.

             ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.

    c. ☐ Sale of personal property.

    d. ☐ Sale of real property.

    e. The property is described ☐ below ☐ on Attachment 25e.

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

**PRAVATI CREDIT FUND III LP v. LAW OFFICES OF BRIAN D. WITZER, INC., et al.**
**Case No: BC649025**
**Attachment 20**

| Line Number/Item | Debtor #1<br>(Law Offices of Brian D. Witzer)<br>Debtor #2<br>(Brain D. Witzer)<br>(Jointly and Severally) |
|---|---|
| 11.  Total Judgment | $7,981,502.22 |
| 12.  Costs after Judgment (per filed order or memo Pursuant to Code of Civil Procedure section 685.090) | $0.00 |
| 13.  Subtotal (add 11 and 12) | $7,981,502.22 |
| 14.  Credits | $0.00 |
| 15.  Subtotal (Subtract 14 from 13) | $7,981,502.22 |
| 16.  Interest after Judgment (per filed affidavit pursuant to Code of Civil Procedure section 685.050) | $4,373.43 |
| 17.  Fee for Issuance of Writ | $40.00 |
| 18.  **TOTAL** (add 15, 16 and 17) | $7,985,915.65 |
| 19.  Levying officer:<br>    (a) Add daily interest from date of writ (at legal rate on line 15) | $2,186.72 |
| (b) Pay directly to court costs included in lines 11 and 17 (Gov. Code, §§6103.5, 68511.3; Code Civ. Proc. §699.520, subd. (i)) | $0.00 |

# EXHIBIT F

EJ-130

| Plaintiff/Petitioner: Pravati Credit Fund III LP | CASE NUMBER: |
|---|---|
| Defendant/Respondent: Brian D. Witzer | 19SMCV02046 |

21. ☐ Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

22. The judgment is for *(check one):*
    a. ☐ wages owed.
    b. ☐ child support or spousal support.
    c. ☒ other.

23. ☐ Notice of sale has been requested by *(name and address):*

24. ☐ Joint debtor was declared bound by the judgment (CCP 989-994)
    a. *on (date):*                 a. *on (date):*
    b. name, type of legal entity if not a natural person, and   b. name, type of legal entity if not a natural person, and
       last known address of joint debtor:             last known address of joint debtor:

    c. ☐ Additional costs against certain joint debtors are itemized: ☐ below ☐ on Attachment 24c.

25. ☐ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
    a. ☐ Possession of real property: The complaint was filed on *(date):*
           *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*
      (1) ☐ The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The
            judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
      (2) ☐ The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.
      (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
            judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns
            to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP
            415.46 and 1174.3(a)(2).)*
      (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was
          not served in compliance with CCP 415.46 (item 25a(2)), answer the following:
        (a)   The daily rental value on the date the complaint was filed was  $
        (b)   The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

*Item 25 continued on next page*

**EJ-130**

| | |
|---|---|
| Plaintiff/Petitioner: Pravati Credit Fund III LP | **CASE NUMBER:** |
| Defendant/Respondent: Brian D. Witzer | 19SMCV02046 |

25. b. [ ]  Possession of personal property.
               [ ]  If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.
   c. [ ]  Sale of personal property.
   d. [ ]  Sale of real property.
   e.  The property is described [ ] below [ ] on Attachment 25e.

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

        **WRIT OF EXECUTION**         

# EXHIBIT G

Electronically FILED by Superior Court of California, County of Los Angeles on 05/07/2021 03:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Parenteau,Deputy Clerk

MC-012

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 284700 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Joseph Chora | | |
| FIRM NAME: CHORA YOUNG & MANASSERIAN | | |
| STREET ADDRESS: 650 Sierra Madre Villa Ave., Ste. #304 | | |
| CITY: Pasadena    STATE: CA    ZIP CODE: 91107 | | |
| TELEPHONE NO.: 626.744.1838    FAX NO.: | | |
| E-MAIL ADDRESS: joseph@cym.law | | |
| ATTORNEY FOR (name): Judgment Creditor, Pravati Credit Fund III LP | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica, 90401
BRANCH NAME: Western District-Santa Monica Courthouse

PLAINTIFF: Pravati Credit Fund III LP

DEFENDANT: Brian D. Witzer

| MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST | CASE NUMBER: 19SMCV02046 |
|---|---|

1. ☒  **Postjudgment costs**
   a. I claim the following costs after judgment incurred within the last two years *(indicate if there are multiple items in any category):*

|  | | Dates Incurred | Amount |
|---|---|---|---|
| (1) | Preparing and issuing abstract of judgment | | $ |
| (2) | Recording and indexing abstract of judgment | | $ |
| (3) | Filing notice of judgment lien on personal property | | $ |
| (4) | Issuing writ of execution, to extent not satisfied by Code Civ. Proc., § 685.050 *(specify county)* | | $ |
| (5) | Levying officers fees, to extent not satisfied by Code Civ. Proc., § 685.050 or wage garnishment | | $ |
| (6) | Approved fee on application for order for appearance of judgment debtor, or other approved costs under Code Civ. Proc., § 708.110 et seq. | | $ |
| (7) | Attorney fees, if allowed by Code Civ. Proc., § 685.040 | | $ |
| (8) | Other: _____ *(Statute authorizing cost):* | | $ |
| (9) | Total of claimed costs for current memorandum of costs *(add items (1)–(8))* | | $ |

   b. All previously allowed postjudgment costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
   c. **Total** of all postjudgment costs *(add items a and b)* . . . . . . . . . . . . . . . . . . $ 0.00

2. ☒  **Credits to interest and principal**
   a. I acknowledge total payments to date in the amount of: $0.00 (including returns on levy process and direct payments). The payments received are applied first to the amount of accrued interest, and then to the judgment principal (including postjudgment costs allowed) as follows: credit to accrued interest: $0.00 ; credit to judgment principal $0.00 .
   b. **Principal remaining due:** The amount of judgment principal remaining due is $7,981,502.22 . *(See Code Civ. Proc., § 680.300)*

3. ☒  **Accrued interest remaining due:** I declare interest accruing (at the legal rate) from the date of entry or renewal and on balances from the date of any partial satisfactions (or other credits reducing the principal) remaining due in the amount of $299,579.67 .

4. I am the: ☐ judgment creditor      ☐ agent for the judgment creditor      ☒ attorney for the judgment creditor.
   I have knowledge of the facts concerning the costs claimed above. To the best of my knowledge and belief, the costs claimed are correct, reasonable, and necessary, and have not been satisfied.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 7, 2021

Joseph Chora
(TYPE OR PRINT NAME)                                                      ▶                    (SIGNATURE OF DECLARANT)

**NOTICE TO THE JUDGMENT DEBTOR**
If this memorandum of costs is filed at the same time as an application for a writ of execution, any statutory costs, not exceeding $100 in aggregate and not already allowed by the court, may be included in the writ of execution. The fees sought under this memorandum may be disallowed by the court upon a motion to tax filed by the debtor, notwithstanding the fees having been included in the writ of execution. (Code Civ. Proc., § 685.070(e).)  A motion to tax costs claimed in this memorandum must be filed within 10 days after service of the memorandum. (Code Civ. Proc., § 685.070(c).)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-012 [Rev. September 1, 2018]

**MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST**

Code of Civil Procedure,
§§ 685.040, 685.070, 695.220
*www.courts.ca.gov*

# EXHIBIT H

Font Size

Close Window  Print Screen

## View Transaction Printable View

Transaction Information

|  |  |
|---|---|
| **Account:** | General - xxxxxx5380 |
| **Description:** | CHECK |
| **Amount:** | $-15,000.00 |
| **Status:** | Cleared |
| **Customer Reference Number:** | 1001 |
| **Transaction:** | Check 1001 |
| **Date Cleared:** | April 26, 2021 |
| **Date Initiated:** | April 26, 2021 |

Note: Check and Deposit Images older than 180 days are not available online, but can be obtained by ordering copies by visiting the Services tab. In order to maintain service, there is scheduled maintenance every Saturday at 11:00 PM and on the last day of each month at 7:00 PM. During this time, which typically lasts about six hours, your images may not be available. We apologize for any inconvenience this may cause.



Enlarge
Save

Enlarge
Save